**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 10 2007

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 06-30924 |
| | ) | |
| Peggy L. Shupe, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION RE DEBTOR'S OBJECTION TO PROOF OF CLAIM

This case is before the court on Debtor's Objection to 21st Mortgage Corporation's ("21st Mortgage") Proof of Claim ("Objection") [Doc. # 22] and 21st Mortgage's response [Doc. # 29]. While Debtor does not object to the amount of the claim, she objects to 21st Mortgage's claim that it should be paid as a secured creditor. At a hearing held on October 26, 2006, the parties agreed that the court should decide the matter based upon the parties' stipulation of facts [Doc. # 43]. For the reasons that follow, Debtor's Objection will be sustained.

### FACTUAL BACKGROUND

The following facts are stipulated by the parties:

1. In 1995 Peggy L. Shupe purchased several parcels of property with cabins on it and a restaurant/bar located in Conover, Wisconsin.

2. In December 1999, Ms. Shupe purchased a 1997 Skyline Manufactured Home ["Manufactured Home"]. The lender for the transaction was Conseco Finance Servicing Corporation. A Certificate of Title for the Manufactured Home was issued by the Wisconsin Department of Transportation on January 12, 2000.

3. In July 2000, Ms. Shupe contracted to sell all of the property in Conover, Wisconsin including the manufactured home financed by Conseco Finance.

4. Ms. Shupe hired attorney William Goost to handle the sale. Northern Title and Abstract handled the closing. At the advice of her attorney, Ms. Shupe signed the closing statement prior to the actual closing date.

5. Ms. Shupe walked away from closing with a check in the amount of $54,279.51. She did not use any of the sale proceeds to pay off the Retail Installment Contract she had entered into with Conseco Finance.

6. Ms. Shupe received the Closing Statement in September 2000. It was at this point in time that Ms. Shupe was made aware that the title company did not pay off the lien to Conseco Finance.

7. 21st Mortgage obtained the loan rights to Ms. Shupe's loan from Conseco Finance.

8. Up until just prior to filing for Chapter 13 bankruptcy protection, Ms. Shupe continued to pay on her obligations to 21st Mortgage. To this extent, in 2002, after the sale of the real estate, Ms. Shupe refinanced her obligation on the Manufactured Home in an attempt to get a lower interest rate and monthly payment. The refinance took place on September 18, 2002 and the amount refinanced was $42,712.73.

9. 21st Mortgage has filed a Proof of Claim in the Debtor's Chapter 13 bankruptcy and seeks to be paid as a secured creditor.

10. Ms. Shupe objects to 21st [Mortgage] being paid as a secured creditor.

[Stipulation, Doc. # 43].

A Wisconsin Certificate of Title for a Vehicle, dated January 12, 2000, and showing Debtor as the registered owner of the Manufactured Home and Conseco Finance Servicing Corporation ("Conseco") as a secured party, was filed with, and in support of, 21st Mortgage's proof of claim. In addition, the proof of claim includes the Contract and Security Agreement upon which it is based. That document, signed by Debtor on September 18, 2002, the date on which she refinanced the obligation she incurred with respect to the Manufactured Home, purports to grant a security interest in the Manufactured Home.

## LAW AND ANALYSIS

A proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). When an objection is filed, the objecting party bears the initial burden of producing sufficient evidence to rebut the presumption of validity given to the claim. *In re Nelson,* 206 B.R. 869, 878 (Bankr. N.D. Ohio 1997). The burden then shifts to the claimant to prove the validity and amount of the

claim by a preponderance of the evidence. *Id.* While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement. *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991).

In this case, 21st Mortgage's claim that it is a secured creditor is based upon a security interest granted to Conseco by Debtor on September 18, 2002, and that was later assigned to 21st Mortgage. Under Wisconsin law, a security interest attaches to property only when the debtor has rights in the collateral. *In re Chicago, Madison & Northern Ry. Co.*, 36 B.R. 292, 298 (Bankr. Wis. 1984) (citing Wis. Stat. § 409.203 (stating that a security interest is enforceable only if "[t]he debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party")). In addition, a creditor's claim is a "secured claim" only "to the extent of the value of such creditor's interest in the estate's interest in such property. . ." 11 U.S.C. § 506(a)(1). Thus, in order for 21st Mortgage's security interest to be enforceable, Debtor must have had rights in the Manufactured Home on September 18, 2002, such that she was able to grant a security interest in the home. And in order for the court to find that 21st Mortgage's claim is secured in this bankruptcy case, Debtor must also have had property rights in the home on April 28, 2006, the date she filed her Chapter 13 petition, such that the Manufactured Home is property of the estate.

Property rights are generally determined under applicable state law, which in this case is Wisconsin law. *See Butner v. United States*, 440 U.S. 48, 54 (1979). While the certificate of title attached to the proof of claim is prima facie evidence of Debtor's ownership of the Manufactured Home, *see* Wis. Stat. § 342.10(5)), the certificate of title is "only evidentiary." *Bacheller v. Employers Mut. Liability Ins. Co.*, 93 Wis. 2d 872, 874 (1980) A transfer of ownership may occur where the certificate of title has not been endorsed and delivered by the transferor and, in such cases, "the intent and conduct of the parties govern." *Id.*; *Nordstrom v. Wisconsin Mut. Ins. Co.*, 211 Wis. 2d 892 (Table), 1997 WL 259321 (Wis. App. 1997). Also, transfer of an interest in real estate on which a manufactured home has become a fixture will transfer an interest in the home as well. *See George v. Commercial Credit Corp.*, 440 F.2d 551 (7th Cir. 1971) (applying Wisconsin fixture law and stating that the Motor Vehicle Code sections dealing with registration and perfection of security interests do not apply to a mobile home once it has become a fixture).

In this case, Debtor has met her burden to rebut the presumption of validity afforded 21st Mortgage's proof of claim and the certificate of title dated January 12, 2000, in stipulations that, in July 2000, Debtor contracted to sell all of the real estate and property that she owned in Conover, Wisconsin, including the Manufactured Home, and that the closing of that sale in fact occurred. From these facts, the court could conclude that Debtor intended to, and did, transfer ownership of the Manufactured Home and that she had

3

no power to convey a security interest in the home as she purported to do on September 18, 2002. In response, 21st Mortgage offers no additional evidence setting forth facts that demonstrate continued property rights of Debtor in the Manufactured Home at any time after the sale closing date. The court, therefore, finds that 21st Mortgage has failed to meet is ultimate burden of proving that its claim is a secured claim in this case.

      A separate order will be entered in accordance with this memorandum of decision.